KAREN M. GOODMAN, SBN: 117423
SUMMER D. HARO, SBN: 245482
GOODMAN & ASSOCIATES
3840 Watt Avenue – Bldg. A
Sacramento, CA 95821-2640
Telephone No: (916) 643-0600
Facsimile No: (916) 643-0605
kgoodman@goodman-law.com
suharo@goodman-law.com

Attorney for Plaintiff David Smith

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SMITH,<br><br>        Plaintiff,<br>   vs.<br><br>CHASE MORTGAGE CREDIT GROUP, LA JOLLA LENDING & REAL ESTATE, INC., PAUL BAKHTIAR, POOYAN BAKHTIAR, WELLS FARGO, N.A., WEST AMERICAN ESCROW, INC., and Does 1 through 10 inclusive,<br><br>        Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 2:08-cv-01049-LKK-KJM<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Dept.: Courtroom 4<br>Judge: Honorable Lawrence K. Karlton<br><br>Complaint filed: April 14, 2008<br>Trial Date: March 16, 2010 |

**WHEREAS,** the parties desire to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately information and material entitled to be kept confidential, and ensure that protection is afforded only to information and material so designated or entitled,

**IT IS HEREBY STIPULATED AND AGREED,** by and between the parties through their respective attorneys, that the following confidentiality order be entered:

1. Designation of confidential information must be made by placing or affixing on the document in a manner which will not interfere with its legibility the word

"CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person/entity in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, personal, or business information. Except for documents produced for inspection at the party's facilities, the designation of confidential information must be made prior to, or contemporaneously with, the production of those documents. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

2. Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives must be deemed confidential only if they are designated as such when the deposition is taken.

3. Information or documents designated as confidential under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in Paragraph (4) for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals). The parties must not disclose information or documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes has been certified.

4. The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any

such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

    (ii)    Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information.

    (iii)    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

    (iv)    Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

5.    Except as provided in Paragraph (4), counsel for the parties must keep all documents designated as confidential which are received under this Order secure within their exclusive possession and must place such documents in a secure area.

6.    All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

7.    To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of

Court in an envelope marked "SEALED," and in conformity with Local Rules 39-140 and 39-141 of the United States District Court of the Eastern District of California  A reference to this Order may also be made on the envelope.

8. The designation of confidentiality by a party may be challenged by the opponent upon motion, following a meet and confer effort by the party challenging the designation. The party prevailing on any such motion may seek costs and fees.

9. This Order does not constitute a waiver of any right a party may otherwise have to object to disclosing, producing or using as evidence, any material covered by this Order.

10. At the conclusion of the litigation, all material not received in evidence and treated as confidential under this Order must be returned to the originating party. If the parties so stipulate, the material may be destroyed.

11. Until modified by agreement between the parties or by an additional Order of this Court, this Order shall remain in full force and effect.

12. This Court retains jurisdiction of the parties hereto indefinitely respecting any dispute between them concerning improper use of information disclosed under protection of this Order.

Dated: March 23, 2009

By:__ //s// Summer D. Haro
Karen M. Goodman (SBN: 117423),
Summer D. Haro (SBN: 245482)
GOODMAN & ASSOCIATES,
Attorneys for Plaintiff
DAVID SMITH
GOODMAN & ASSOCIATES
3840 Watt Avenue – Bldg. A
Sacramento, CA 95821-2640
Phone: (916) 643-0600

Dated: March 23, 2009

By:____ //s// Joshua E. Whitehair
Michael J. Steiner (SBN: 112079) or
Joshua E. Whitehair (SBN: 244900)
SEVERSON & WERSON,
Attorneys for Defendant
WELLS FARGO BANK, N.A.
(erroneously sued herein as WELLS FARGO, N.A.)

SEVERSON & WERSON, A
Professional Corporation,
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Phone: (415) 398-3344

Dated:    March ___, 2009          By:_____
                                   Dale F. Hardeman (SBN 190167)
                                   Attorney for Defendants
                                   CHASE MORTGAGE CREDIT GROUP, INC., LA JOLLA LENDING & REAL ESTATE, INC., POOYAN BAKHTIAR aka PAUL BAKHTIAR, and WEST AMERICAN ESCROW,
                                   7700 Irvine Center Drive, Suite 800
                                   Irvine, CA 92618
                                   Phone: (949) 753-2854

\* \* \* \*

O R D E R

The foregoing stipulation of the parties is approved subject to the condition that if there is any discrepancy between a provision of the stipulation and the Local Rules, the Local Rules shall take precedence.

**IT IS SO ORDERED.**

Dated: March 31, 2009.

_____
U.S. MAGISTRATE JUDGE