UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID SMITH,

          NO. CIV. S-08-1049 LKK/KJM

    Plaintiff,

  v.

CHASE MORTGAGE CREDIT GROUP, LA JOLLA LENDING & REAL ESTATE, INC., PAUL BAKHTIAR, POOYAN BAKHTIAR, WELLS FARGO, N.A., WEST AMERICAN ESCROW, INC., and DOES 1 through 10, inclusive,

          O R D E R

    Defendants.
_____/
AND RELATED COUNTERCLAIMS
_____/

    Plaintiff has filed an ex parte application for entry of default as to defendant West American Escrow, Inc. At this time, plaintiff only seeks an entry of default under Fed. R. Civ. P. 55(a), and not a default judgment under Fed. R. Civ. P. 55(b).

    West American is a corporation. Local Rule 83-183(a) provides that "A corporation or other entity may appear only by an attorney." See also Laskowitz v. Shellenberger, 107 F. Supp. 397

1

(C.D. Cal. 1952). West American was initially represented by attorney Dale Hardeman. On May 21, 2009, the court granted Hardeman's motion to withdraw from representing West American. That order informed West American that it could not appear in propria persona, and instructed West American to retain replacement counsel within 45 days, i.e., by July 6, 2009. Doc. No. 59. This order was amended on August 26, 2009, giving West American a further 20 days to secure replacement counsel, i.e., until September 15, 2009. West American still has not retained counsel, as indicated by the affidavit of Summer D. Haro and the docket in this case. Nor has West American filed a response to plaintiff's ex parte application seeking default.

A corporation's failure to obtain counsel in violation of local rules provides a sufficient ground for entry of a default. <u>Employee Painters' Trust v. Ethan Enters.</u>, 480 F.3d 993, 998 (9th Cir. 2007). Accordingly, the court GRANTS plaintiff's application on this ground, and ENTERS A DEFAULT as to defendant West American Escrow, Inc.

IT IS SO ORDERED.

DATED: October 2, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT